■ TROY OPERATING CO., INC., Respondent, v. STEPHEN P. VINCIGUERRA et al., Appellants, et al., Defendants.— Appeal from an order of the Supreme

Court, Albany County granting respondent's motion for summary judgment and denying appellants' cross motion for summary judgment and from the judgment entered thereon. The respondent instituted this action under article 15 of the Real Property Law to compel the determination of claims to certain real property. It set forth in its complaint a description of the property to which it asserts ownership, the description showing a piece of property having a frontage of 2 chains, 58 links, or 170.28 feet on the old Turnpike Road. The description stated it had been conveyed to one Glashine in 1865 and respondent asserts that one portion of this parcel having a frontage of 33 feet was conveyed away and eventually descended to one Chapman in 1923 and that the remaining portion by devise or transfer descended to the same Chapman in 1916. It contends that these two parcels were assessed as two lots by the City of Troy from 1930 to 1951. A proceeding was instituted by the city to foreclose tax liens and a deed dated September 3, 1953 purported to convey the premises to one Rawick who in turn conveyed it to the respondent. The description of the land in the tax deed was similar to that appearing on the assessment rolls which stated the land was on the north side of Northern Turnpike being the same as the Old Turnpike Road, and bounded by Ryhorn, Road, Collins and Ives. It was also described as "Parcel Lot No. A". The appellants contend that this is not the same property described in respondent's complaint, and rather that they are the owners of that property under a deed from Chapman and his wife dated June 12, 1957. The court below held that there was no triable issue of fact since respondent's title is a matter of record and is clothed with a presumption of regularity. The description in respondent's complaint of the property to which they claim ownership and the description in the tax deed through which they claim ownership are admittedly not the same. The question is whether the tax deed describes the same property as is described in respondent's complaint and we are of the opinion that a question of fact was raised by the appellants on this issue. The description in the tax deed is substantially the same as the description on the assessment roll except for the addition of the description "Parcel Lot No. A". Appellants submitted a tax map showing that Lot A was not the property to which respondent claims ownership and respondent concedes that this description was erroneous. Further, the assessment roll description shows the two lots as having the same boundaries. If the two lots were from the same parcel as respondent contends they would not have the same boundaries and would have at least one common boundary. This discrepancy has not been explained and there is thus a question of fact as to whether the property described in respondent's complaint is the same property described in the tax deed. This question of fact is not removed by the presumption under subdivision 7 of section 1136 of the Real Property Tax Law, which becomes conclusive after two years from the recording of the deed, to the effect that all proceedings were in accordance with law. In view of the different description involved the respondent must demonstrate that the property described in the deed is the same property to which it claims ownership before the presumption comes into effect and the presumption cannot be used to supply that proof. Judgment reversed, on the law and the facts, and motion for summary judgment denied, with costs.